# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2022

Lyle W. Cayce
Clerk

No. 22-10266
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Santos Perez-Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-282-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Jose Santos Perez-Gonzalez appeals his conviction and sentence for illegal reentry into the United States after deportation pursuant to 8 U.S.C. § 1326(a) and (b)(1). Perez-Gonzalez contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10266

above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He thus argues that the imposition of a three-year term of supervised release violates due process, and he maintains that he should be sentenced to no more than one year of supervised release. While Perez-Gonzalez acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve the issue for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Accordingly, Perez-Gonzalez is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.